Parker, C. J.
[After stating the pleadings.] We are satisfied that the surrejoinder is bad. There being a regular issue tendered, on a fact material, and conclusive if true, the plaintiff could not avoid that issue, and plead over other facts by way of answer. The issue was regularly tendered by the defendants; because the plaintiff had set forth, as a breach of the condition of the bond, that the defendant had not accounted for the twenty shares. The defendants do not, in their rejoinder, allege any new facts in excuse of the breach, so as to oblige them to conclude with a verification; but contradict the plaintiff’s averment, by averring an account; and there being thus a direct affirmative and negative, it was proper to conclude to the country.
This issue should have been joined; or, if the plaintiff intended to rely upon fraud in the settlement of that account, he should have amended his replication, and averred the fraud. So, if he meant to rely upon proof of negligence or mismanagement, amounting to fraud, he should have alleged that, as the breach of the condition of the bond.
The surrejoinder is bad also, as it is a departure from the replication ; because it does not insist upon the breach therein set forth, but upon another and different one. If the allegations in the surrejpindcr are true, they ought to have been made in the replication.

Surrejoinder adjudged bad.